IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN WAYNE ELLER, # 239264,      :

    Plaintiff,                     :

vs.                                :   CIVIL ACTION 17-0392-CG-M

DR. ILLIFF, *et al.*,              :

    Defendants.                    :

REPORT AND RECOMMENDATION

Plaintiff Steven Wayne Eller, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that Defendants Dr. Illiff and the CERT Team be dismissed from this action because the deprivation-of-property claim against the CERT Team is due to be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the remainder of the claims against Defendants Dr. Illiff and the CERT Team are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The claim against Defendant Dr. Stone, however, will proceed in this action.

I. Screening of the Complaint Under 28 U.S.C. § 1915(e)(2)(B).

The initial Complaint was on an outdated form so Plaintiff was ordered to file an amended complaint on the current § 1983 complaint form and was warned that the amended complaint would supersede the original Complaint, so he should not rely it. (Doc. 3).  Plaintiff filed the Amended Complaint on the current form, but with less factual information than the original Complaint had, particularly with respect to the claim against Defendant Dr. Stone.  (Doc. 4).  Thus, the Court will consider the information from both the original Complaint and the Amended Complaint (collectively, the "Complaint").

In the Complaint Plaintiff is complaining about the treatment that he received from the three Defendants to this action, specifically, Dr. Illiff in October, 2007, Defendant Dr. Stone in September, 2016, and the ADOC's Emergency Response Team ("CERT Team") in December, 2015.  (Doc. 1 at 5-6, Doc. 4 at 5-6).  The facts offered to support these claims arise from different transactions and occurrences and involve different questions of law and facts, which are not common to all defendants.  *Smith v. Warden, Hardee Corr. Inst.,* 597 F. App'x 1027, 1029 (11th Cir. 2015).  As a consequence, the Complaint does not comply with Rule 20(a) of the Federal Rules of Civil Procedure, which requires that "[a] complaint against multiple defendants . . . allege claims that arise 'out of the same

transaction, occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants. . . ."  *Id.* (quoting FED.R.CIV.P. 20(a)). Thus, these unrelated claims should be brought in three different lawsuits.

Nevertheless, the Court will address the claims against Defendants Dr. Illiff and the CERT Team in this Report and Recommendation.  Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).[1]  A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim

---

[1]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

upon which relief can be granted, the allegations must show

plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009).  That is, "[f]actual allegations must be enough to raise

a right to relief above the speculative level" and must be a

"'plain statement' possess[ing] enough heft to 'sho[w] that the

pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557

127 S.Ct. at 1965, 1966 (second brackets in original).  However,

"[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."

*Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a

successful affirmative defense, such as a statute of

limitations, appears on the face of a complaint, dismissal for

failure to state a claim is also warranted.  *Jones v. Bock*, 549

U.S. 199, 215, 127 S.Ct. 910, 920–21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court

gives them a liberal construction holding them to a more lenient

standard than those of an attorney, *Tannenbaum v. United States*,

148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have

4

"license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

II.   Claims. (Docs. 1, 4).

A. Claim Against Doctor Illiff.

Plaintiff alleges that in October, 2007, Defendant Illiff denied him a second opinion, did not treat his pain properly so it could be managed on a daily basis, and did not take measurements.  (Doc. 1 at 5, Doc. 4 at 4-5).  He claims that Defendant Illiff gave him poor medical treatment, or no treatment, and did not perform to the fullest potential, thereby committing malpractice.  (*Id.*).

A § 1983 action filed in Alabama is governed by a two-year statute of limitations. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE

§ 6-2-38(l).  This statute of limitations begins to run, "'when the plaintiff has a complete and present cause of action' . . . that is, 'when the plaintiff can file suit and obtain relief . . . .'"  *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007)(quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fd. v. Ferbar Corp.,* 522 U.S. 192, 201 (1997)); *see Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987)(holding that in a § 1983 action "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights") (internal quotation marks omitted).

The present allegations reflect that Plaintiff is complaining about an incident that occurred in October, 2007, with Defendant Illiff.  (Doc. 1 at 5).  Plaintiff was aware of the treatment, or lack of treatment, he received at that time or shortly thereafter.  Plaintiff, however, waited until August 18, 2017, to file his § 1983 Complaint.  (*See* Doc. 2 at 4 - a notarial date in his ifp); *cf. Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (finding the date of plaintiff's signature on the complaint was deemed the date of filing).  Almost ten years have elapsed between the accrual of Plaintiff's claim against Defendant Illiff and the Complaint's

filing.   Thus, the filing of the claim against Defendant Illiff

in 2017 is well beyond two years from when the claim accrued in

2007.   Accordingly, Plaintiff's claim against Defendant Illiff

is barred by the two-year statute of limitations and is due to

be dismissed for failure to state a claim.   *Jones v. Bock*, 549

U.S. at 215, 127 S.Ct. at 920-21.

B.   Claim Against the CERT Team.

Plaintiff claims that in December, 2015, when he was naked

in an alleyway, the CERT Team officers screamed at him and made

"very abusive comments about being handicap[ped]."   (Doc. 1 at

6, Doc. 4 at 4-5).   An officer then threw away his prosthetic

shower shoes, his prosthetic built-up shoes, and his $30.00

insoles, for which he had a "profile" and had just received the

prior month.   (*Id.*).   His "profile" along with his

identification card was in his box, but the officer would not

look in there or let him get them.   (*Id.*).   Plaintiff

immediately notified the shift commanders for the correctional

officers and for the CERT Team officers of this treatment.

(*Id.*).

In order to state a claim under § 1983, a plaintiff must

demonstrate two essential elements: "(1) whether the conduct

complained of was committed by a person acting under color of

state law; and (2) whether this conduct deprived a person of

7

rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).   The Court will first examine whether Plaintiff suffered a deprivation of a constitutional right.   The applicable constitutional provision in this instance is the Fourteenth Amendment, which protects against deprivations of life, liberty, or property by a state without due process of law.   *Id.* at 537, 101 S.Ct. at 1914.   "Nothing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State.   [It] protects only against deprivations without due process of law."   *Id.* (quotation marks omitted).

A deprivation of property that is the result of a state employee's lack due care or negligence does not violate the Fourteenth Amendment.   *Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).   And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."   *Hudson v. Palmer,* 468 U.S. 517, 532, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).   When a pre-deprivation hearing is impractical due to

the "random, unauthorized act by a state employee," a post-deprivation remedy satisfies due process because it is impossible for the State to know beforehand of the deprivation. *Id.* Some post-deprivation remedies that have satisfied due process are administrative procedures, *Parratt,* 451 U.S. at 543-44, 101 S.Ct. at 1917, or ordinary state tort litigation procedures, *Hudson,* 468 U.S. at 535, 104 S.Ct. at 3204.

In the present action, an unidentified CERT Team officer threw away Plaintiff's property. This intentional act appears to be random and unauthorized for which a pre-deprivation hearing was impractical. Therefore, in order for this deprivation to be reviewable in this Court, Plaintiff must establish that no adequate post-deprivation procedure was available to him at the time of the deprivation. *See Tinney v. Shores,* 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that no due process claim was stated because the plaintiffs did not address the unavailability of an adequate post-deprivation remedy).

In the Complaint, Plaintiff does not refer to a post-deprivation procedure. Regardless of this failing, Plaintiff still will not be able to proceed in this action on the deprivation of property claim. Plaintiff would not be able to establish that an adequate post-deprivation remedy was not

9

available to him at the time of the deprivation because courts

have recognized that Alabama law provides adequate post-

deprivation remedies for the loss of property by state

officials.  *Dawson v. City of Montgomery,* 2008 WL 659800, at *8

(M.D. Ala. 2008) (unpublished) (finding that Alabama's

conversion statute, Alabama Code § 6-5-260 (1975), is an

adequate post-deprivation remedy); *Browning v. City of Wedowee,*

*Ala.,* 883 F. Supp. 618, 623 (M.D. Ala. 1995) (finding that the

taking of property by the sheriff and deputies may be addressed

in tort pursuant to Alabama Code § 6-5-260 or by filing a claim

with the Alabama Board of Adjustment pursuant to Alabama Code §§

41-9-60, *et seq.*); *Milton v. Espey,* 356 So.2d 1201, 1203 (Ala.

1978) (finding that a state employee may be personally liable to

an inmate in an ordinary, state-court tort action).

　　The post-deprivation remedy does not need to be available

to Plaintiff at the present time to determine whether the

deprivation was with or without due process.  *See Parratt,* 451

U.S. at 543-44, 101 S.Ct. at 1917.  It is only required that an

adequate post-deprivation remedy be available when the

deprivation occurred.  *Id.*  Because an adequate post-deprivation

remedy was available at the time of the deprivation, Plaintiff's

deprivation of his property was not without due process.

Accordingly, Plaintiff's § 1983 claim against the CERT Team (or

10

an unidentified CERT officer, officers, or supervisors) for a

deprivation of property without due process law is frivolous and

is due to be dismissed with prejudice.  *Jackson v. Hill,* 569 F.

App'x 697, 698 (11th Cir. 2014) (dismissing a deprivation of

property claim as frivolous).

In addition, Plaintiff alleges that he was subjected to

verbal abuse.  (Doc. 1 at 6).  Mere verbal abuse, however, does

not state an Eighth Amendment claim.  *Hernandez v. Florida Dep't*

*of Corrs.,* 281 F. App'x 862, 866 (11th Cir. 2008).  Verbal

taunts, no matter how distressing, are not sufficient to state a

claim.  *Edwards v. Gilbert,* 867 F.2d 1271, 1273 n.1 (11th Cir.

1989).

Furthermore, Plaintiff briefly mentions that he was "pushed

around."  (Doc. 4 at 4).  He does not identify by whom he was

pushed, nor does he provide any details about being pushed

around.  The failure to connect this act to an identifiable

defendant prevents a claim from being stated.  *Zatler v.*

*Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (finding that a

causal connections must be established between a defendant's

action and a deprivation of the plaintiff's constitutional

rights in order to state a § 1983 claim); *cf. Hudson v.*

*McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156

(1992) (holding that "not every malevolent touch by a prison

guard gives rise to a federal cause of action"); *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.)("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"), *overruled on other grounds by Graham v. Connor,* 490 U.S. 386 (1989).  Thus, Plaintiff's brief allegations of being verbal abused and pushed around do not rise to the level of a constitutional violation.  As a consequence, these allegations fail to state a § 1983 claim and are due to be dismissed.[2]

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that that Defendants Dr. Illiff and the CERT Team be dismissed from this action because the deprivation-of-property claim against the CERT Team is due to be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the remainder of the claims against Defendants Dr. Illiff and the CERT Team are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on

---

[2] The Court is foregoing a discussion on whether the CERT Team is a proper defendant and whether an officer who has not been identified is a proper defendant.

all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen

(14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  *See* 28 U.S.C.

§ 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the

party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of

a proper objection, however, the court may review on appeal for

plain error if necessary in the interests of justice."  11th

Cir. R. 3-1.  In order to be specific, an objection must

identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and

specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

    DONE this 20th day of October, 2017.

s/ BERT W.MILLING, JR.
UNITED STATES MAGISTRATE JUDGE